United States of Eastern Michigan

Amanze Antoine

    v.

Warden  E. Rardin of F.C.I Milan

Case: 2:24-cv-12462
Assigned To : White, Robert J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 9/19/2024
Description: HC ANTOINE V RARDIN (MRS)

2241 writ of habeas corpus petition

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

Date: 9-12-2024

This 2241 petition is based on Amanze Antoine being held in federal custody in violation of federal law 3632(d) and 3624(g) of the First step Act (FSA) that was signed into law on December 21, 2018, and the United States Department of Justice Federal Bureau "program statement CN-2 5410.01.

The provision of the FSA set forth in 18 U.S.C (d) states:

"prionsers shall earn ETCs based on particpation in evidence-based recidivism reduction (EBRR) programming. See id. 3632(d)(4). After describing how such ETCs or earned time credits may be earned, the FSA provides as follows:

(C) Application of time credit towards prerelease custody or supervised release:
"Time credit earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or production activies "shall" be applied towards time in prerelease custody or supervised release. The Director of the Bureau of Prisons "shall" transfer eligible prisoners as determined under sextion 3624 (g)in the First Step Act into prerlease custody or supervised release."

Under a plain reading of this provision of the FSA which includes the word "shall" the BOP is required to transfer a prisoner to prerelease custody or supervised release if the prisoner is "eligible" as determined under Subsection 3624 (g) if the FSA. Under 3624(g), a prisoner is "eligible" if the prisoner has earned ETCs in an amount equal to the remainder of the prisoner's term of imprisonment, which remainder amount has been computed, and the prisoner has met certain benchmarks for the assessed risk or recidivism. See id. 3624(g)(1).

The Untied States Department of Justice Federal Bureau of Prisons Program Statement CN- 5410-01 states:
"Individuals with pending charges or detainers may be considered for prerelease(halfway house) placement but the referral is limited to the "First Step Act Time Credit FTCs", which are not being applied towards

1

early release or supervised release.

THE ARGUMENT:

I, Amanze Antoine was suppose to be placed in prerelease custody (halfway house) by the BOP on April 24, 2024 because I've psrticipated in and successfully completed over 60 recidivism reduction programs and productive acttivities through the course of my incarceration, which made me earn 520 FTCs or ETCs days towards my prerelease custody, according to "page 2 of my First Step ACt Credit Assessment Sheet", which I have included with this 2241 petition as "Exhibit A".

Please take a look at the highlighted area in "Exhibit A" that states my " FSA Conditional Placement Date is 4-24-2024". 4-24-2024 represents the date I was suppose to be placed in prerelease custody (the halfway house) according to the First Step Act. Apirl 24, 2024 was five months ago and I'm not in prerelease custody, therefore under 3624(g) of the First Step Act and FBOP program statement CN-2 5410-01 I'm being held in violation of federal law because I was suppose to been in pre-release custody five months ago despite the fact of me having a detainer.

Sometimes wardens of federal prionsers try to say the reason for delaying prisoner's transfer to prerelease custody or to a halfway house is because bed space is not available. No such condition concerning bed availability is included among the requirements for eligibility under Section 3624(g) of the First Step Act, and therefore wardens can not use that excuse. Immediate prerelease custody placement is nevertheless requried under 3632(d)(4)(c) of 18 U.S.C.

Numerous courts have held that the BOP has no discretion to delay or refuse the transfer of a "eligible prisoner" to prerelease custody, which transfer is "mandatory". See e.g., Doe v. federal Bur of Prisons, 2024 U.s Dist. LEXIS 19755, 2024 WL 455309, at 1-4 (S.D.N.Y) Fed 5, 2024 (transfer to prerelease custody was required depite the prosoner's

participation in the witness protection program); Komando v. Luna, 2023 U.S Dist. LEXIS 11477, 2023 WL 310580, at 4-8 (D.N.H Jna 13,2023)(tranfer to prerelease custody was required despite outstanding detainer, rejecting argument that BOP had discretion to determine which prionser were suitable for placement in prerelease custody, report and recommendation adopted, 2023 U.S Dist. LEXIS 19054 2023 WL 1782034 )Feb 6, 2023); Sierra v Jacquez, 2022 U.S Dist. LEXIS 234525,2022 WL 180046701, at (W.D Wash. Dec 27, 2022) (transfer to prerelease custody required despite immigration detainer, rejecting argument for discretion) report and recommendation adopted, 2023 WL 184225 (Jan 13, 2023); Ramirez v. Phillips, 2023 U.S Dist. LEXIS 228778, 2023 WL 8878993, at 4 (E.D. Cal. Dec 22, 2023)(agreeing with interpretation that transfer to prerelease custody is "mandatory" and the BOP has no discretion not to transfer); Jones v. Engleman, 2022 U.S Dist. LEXIS 185635, 2022 WL 6563744, at 9-13(C.D Cal Sept 7 2022) (transfer to prerelease custody was "mandatory" despite pending charges and argument that prisoner was a flight risk, report and recommendation adopted in relevant part, 2022 U.S Dist. LEXIS 185029,2022 WL 6445565 (Oct 7, 2022).

The federal statues 3632(d) and 3624(g) of the First Step Act, and the United States Department of Justice Program Statement CN-2 5410.01 makes clear that my transfer to prerelease custody is " mandatory" and the BOP has no discretion to refuse or delay the transfer of my prerlease custody.

Because I was suppose to be placed in prerelease custody **five months ago** (4-24-2024), and the BOP failed to do so despite me exhausting my adminstrative remedies, violates federal law and I'm humbly and respectfully asking this Court to grant the 2241 petition and grant me immediate transfer to prerelease custody, please see Alphonso Woodley v. warden, USP Leavenworth 2024 (case No. 24-3053)(judge order warden to release prisoner within 30 days because of a violation of federal statute 3624(g) of the First Step ACt.

Respectfully Submitted,

*Amy Miller* (signature)

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

Date: 9-12-2024

4

# EXHIBIT "A"

# FSA Time Credit Assessment
Register Number:85472-054, Last Name:ANTOINE

**U.S. DEPARTMENT OF JUSTICE**                                              **FEDERAL BUREAU OF PRISONS**

```
002 05-16-2019 11-12-2019 ACTUAL     FSA R-MED    04-28-2021 1422  10
003 11-12-2019 05-10-2020 ACTUAL     FSA R-MED    04-28-2021 1422  10
004 05-10-2020 11-06-2020 ACTUAL     FSA R-MED    04-28-2021 1422  10
005 11-06-2020 05-05-2021 ACTUAL     FSA R-MED    04-28-2021 1422  10
006 05-05-2021 11-01-2021 ACTUAL     FSA R-MED    04-28-2021 1422  10
007 11-01-2021 04-30-2022 ACTUAL     FSA R-MED    04-28-2021 1422  10
008 04-30-2022 10-27-2022 ACTUAL     FSA R-MED    04-28-2021 1422  10
009 10-27-2022 04-25-2023 ACTUAL     FSA R-LW     06-09-2022 1018  10
010 04-25-2023 10-22-2023 ACTUAL     FSA R-LW     03-10-2023 1415  10
011 10-22-2023 04-19-2024 ACTUAL     FSA R-LW     08-17-2023 1031  15
012 04-19-2024 10-16-2024 ACTUAL     FSA R-LW     01-18-2024 1310  15
```
--- **Planning** ------------------------------------------------------------

Projected Release Date: 09-26-2026
Projected Release Method: GCT REL
FSA Projected Release Date: 09-26-2025
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 09-26-2025
FSA Conditional Placement Days: 520
FSA Conditional Placement Date: 04-24-2024
SCA Proposed Placement Days: N/A
SCA Proposed Placement Date: N/A

Assessment Date: 09-04-2024                    (2)                    Assessment# -2144551148

Dear Clerk of the Court,

Please find enclosed a copy of my 2241 petition. I will be having someone mail the five dollar filing fee very soon. You should receive the five dollar filing fee the same week you receive this 2241 petition. Thank you so much for your time.

Sincerely,

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

Office of The Clerk
United States District Court
231 W. LaFayette Boulevard, Fifth Floor
Detroit, MI 48226

