Filing Fee Paid



United States of Eastern Michigan

Amanze Antoine

      v.

Warden Eric Rardin of F.C.I Milan

Case: 4:24-cv-13089
Assigned To : Behm, F. Kay
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 11/21/2024
Description: HC ANTOINE V RARDIN (MRS)

2241 writ of habeas petition
EMERGENCY PETITION

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

Date: November 10, 2024

This 2241 petition is based on Amanze Antoine being held in federal custody unlawfully at F.C.I Milan and in violation of federal law 3624(g) of the First Step Act and the United States federal Bureau "Program Statement CN-2 5410.01.

Within section 3624(g) of the First Step Act it states BOP is obligated to place a indivdual in prelrease custody (halfway house) for the exact amount of First Step Act time credit (FTCs) that the indivdual has earned towards their prerelease custody. And the language it uses in this section of the First Step Act it makes it clear that placement in prerelease custody is not discretionary like it is under prerelease placement under the Second Chance Act. All days a indivdual earn towards their prerelease placement under the First Step Act must be rewarded to that indivdual.

The United States Department of Justice Federal Bureau of Prisons Program Statement CN-2 5410-01 states:

"Individuals with pending charges or detainers may be considered for prerelease placement but the referral is limited to the amount of First Step Act Time Credit (FTCs), which are not being applied towards early release or supervised release.

Currently I have earned 355 days earned of FTCs towards my prelease placement but warden Eric Rardin will not allow staff to submit my prerelease placement referral because I have a detainer from the state of New York for a parole violation that 9 times out of 10 I will receive no time for or the most time I can receive is 3 months.

Despite me exhausting my administrative remedies, and it was very clear that the result of that was I can be place into the halfway with a detainer because of Program statement CN-2 5410-01, warden Eric Rardin refuses to follow this program statement and allow staff to submit my prelease placement referral so that I can receive a placement to go to the halfway house.

1

Please see EXHIBIT A that I have attached to this petition, which are copies of the responses from my administrative remdies (BP-9 and BP-10) where you can see that both the warden (Eric Rardin) and the Regional Director (Andre Matevousian) both agreed in their responses to my administrative remedy that I can in fact by policy and law go to the halfway house with a detainer, but it is limited to the amount of FTCs I earn, which is currently 355 days.

Under the First Step Act I was suppose to be placed in the halfway house on October 7, 2024 because I have earned 355 days towards my prerelease custody, but warden Eric Rardin is refusing to have my halfway house referral submitted because he states that I have a detainer and I can not go to the halfway house with a detainer when clearly the BOP policy (program statment CN-2 5410-01) states I can be placed in the halfway house with a detainer, which he is fully aware as he let it be known he is when he stated in his response to my BP-9:

"Individuals with pending charges or detainers may be considered for prerelease custody but the referral is limited to the amount of FTCs which is not being applied towards early release or supervised release."

As you can see warden Rardin is completely aware that the policy states I can go to the halfway house with a detainer but is neglecting to follow it even though the Regional Director also stated in his response to my administrative remedy (BP-10) that I can go to the halfway house with a detainer.

Warden Eric Rardin is refusing to follow the policy in my case because last year I filed a complint against him because he was very insulting to me and I know that complaint is the reason why he is not following what the policy sattes which is to let me go to the halfway house with a detainer.

2

Not only does this violate the BOP policy. It violates my 5th and 14th Amendment to "due process". My due process right under the 5th and 14th Amendment prohibits me from being treated unfairly which clearly I am being treated unfairly by warden Rardin because under the BOP policy I am suppose to be at a halfway house since October 7, 2024 and I am currently not at a halfway house and I'm still being housed at F.C.I Milan.

Numerous courts have held that the BOP has no discretion to delay or refuse the transfer of "eligible prisoners" to prerelease custody, which transfer is mandatory. See e.g.g Doe V federal Bur of prisons 2024 U.S Dist. Lexis 19755, 2024 WL 455309, at 1-4 (S.D.N.Y) FEd , 2024(transfer to prerelease custody was required despite the prisoner's participation in witness protection progra); Komando v. luna, 2023 U.S Dist. Lexis 1147, 2023 WL 310580, at 4-8 (D.N.H Jan 13, 2023)(transfer to prerelease sustody was required despite outstanding detainer, rejecting argument that BOP had discretion to determine which prisoner were suitable for placement in prerelease custody, report and recommendation adopted, 2023 U.S Dist. LEXIS 19054 2023 WL 1782034(feb 6, 2023); Sierra v. Jacquez 2022 U.S Dist. LEXIS 234525, 2022 wL 180046701, at (W.D Wash. Dec 27, 2022) (transfer to prelease custody required despite immigration detainer, rejection argument for discretion) report and recommendation adopted, 2023 WL 184225 (JAn 13, 2023; Ramirez v. Phillips, 2023 U.S Dist. LEXIS 228778, 2023WL 8878993, at 4 (E.D Cal. Dec 22, 2023)( agreeing with interpretation that transfer to prerelease custody is mandatory and the BOP has no discretion not to transfer); Jones v. Engleman, 2022 U.S Dist. LEXIS 185635, 2022 WL 6543744, at 9-13 (C.D Cal Sept 7, 2022)(transfer to prerelease was mandatory despite pending charges and argument that prisoner was flight risk, report and recommendation adopted in relevant part, 2022 U.S Dist. LEXIS 185029, 2022 WL 6445565 (Oct 7, 2022).

3

As I was almost done typing this 2241 petition, it was just brought to my attention by the warden and another staff member (case manager Mrs. Cowan) that my halfway house referral was supossedly submitted and denied by the Residential Re-entry Management because I have a detainer. I once again brought to warden Rardin attention that that the policy, program statement CN-2 5410-01 and section 3624(g) states that I can be placed in the halfway house with a detainer so I clearly don't understand why my referral is being denied because I have a detainer when the policy in it's palin text states I can go to the halfway house with a detainer.

I then reminded Mr. Rardin that I did my administrative remedies, and he and the Regional Director agreed that I can be placed in the halfway house with a detainer, so that should have been brought to the Residential Re-entry Management attention because they don't have the right to deny my referral for having a detainer because the policy clearly states that I can go to the halfway house with a detainer.

Warden Rardin looked at me and told me it's out of his hands and he can not help me. I told Mr. Rardin it is his job and obligation to help me when it is brought to his attention that the BOP policy is not being followed by either staff or a prisoner, and in this case it is a staff member at the Residential Re-entry Management who is not follow the BOP policy, despite the the fact that the Regional Director, you yourself(the warden) and the BOP Director all agreed that the policy states a person with a detainer can be placed in the halfway house with a detainer. So as the warden it is your obligated duty to make sure the BOP policy is be enforced. The looked at me and said he can't help me and it is out of his hands.

The fact that the warden is not speaking up to the Residential Re-entry Management and telling them that I have went through the admisistrative process and the result of that was it was agreed upon that I can go to the halfway house with a detainer is totally unfair to me because it is warden Rardin's duty to make sure the

4

BOP policy is being enforced and not drift away from it if it's not like he is doing to me. Warden Rardin is ignoring the fact the Residential Re-entry Management is not following the policy and that is completely wrong and unethical, and I am asking this court to correct this wrong.

Warden Rardin only seems to enforce the BOP policy when it is use to punish a prisoner, but when it is used to reward a prisoner he drifts away from using it. And I am a prime example of that. Since being incarcerated I have stayed out of trouble and completed over 60 educational programs and I'm still programming, and under the First Step Act and the BOP policy that is the exact thing that I had to do in order to get the reward of going to the halfway house with a detainer, but warden Rardin fails to follow or make sure that part of the policy is enforced by staff, but he makes sure to follow and enforce the policy when a inmate does something wrong to punish them each and every time someone does something that goes against the BOP policy. It's suppose to go both ways. Policy is suppose to be enforced whether to punish or to reward a prionser and I'm asking this Court to please enforce the policy in my case.


In this petition I've clear proven that I can go to the halfway house with a detainer, therefore I'm asking this Court to grant this petition, and order warden Rardin to release me to prerelease custody immediately. Please see Alphonso Woodley v. warden, USP Leavenworth(case No. 24-3053) (judge order warden to release prisoner within 30 days because of a violation of federal statute 3624(g) of the First Step Act. And also please see Jones v. Engleman 2022 U.S Dist LEXIS 185635, 2022 WL 6543744, at 9-13 (C.D Cal Sept 7, 2022) (transfer to prerelease was manadtory despite pending charges and argument that prisoner was flight risk), report and recommendation adoptin relevant part, 2022 U.S Dist. LEXIS 185029 2022 WL 6445565(Oct 7, 2022).

5

Dated: November 10, 2024

Respectfully Submitted,

*[signature]*

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

# EXHIBIT A

**BP-229 RESPONSE**                                           **CASE NUMBER: 1183807-F1**

Your Request for Administrative Remedy (BP-229), dated November 21, 2023, has been reviewed. You are requesting that you receive 365 days of RRC placement based on provisions of the 2nd Chance Act.

A review of the issue(s) you raise in your BP-229 has been conducted. Program Statement 7310.04 states, in part, "Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement, shall not ordinarily participate in CCC programs". You currently have a detainer lodged against you by the State of New York. Additionally, CN-2 to P.S. 5410-01 states "Individuals with pending charges or detainers may be considered for prerelease placement but the referral is limited to the amount of FTCs which are not being applied towards early release or Supervised Release as these individuals are no otherwise appropriate for prerelease placement under the Second Chance Act due to the likelihood of arrest and/or confinement". To date you have earned 205 FTCs which can be applies towards RRC or Home Confinement, you are therefore only eligible for a RRC placement of 205 days.

Accordingly, your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                 12/14/23
E. Rardin, Warden                                                  Date

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1183807-R1

This is in response to your Regional Administrative Remedy Appeal received January 4, 2024, in which you request Residential Reentry Center (RRC) or Home Confinement (HC) placement pursuant to 18 U.S.C. § 3621(b) in conjunction with earned and projected Federal Time Credits (FTC).

We have reviewed your appeal and the Warden's response dated December 14, 2023. The Second Chance Act of 2007 (the Act) allows the Bureau of Prisons to consider all inmates for RRC placement for a maximum of up to 12 months. According to criteria identified in the Act, pre-release RRC placement decisions must be made on an individual basis in every inmate's case. Among the criteria staff consider are the factors contained in 18 U.S.C. 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate), and any pertinent policy statement issued by the Sentencing Commission.

You currently have a projected release date of September 26, 2025, via First Step Act release. Your case was evaluated to determine if you warrant RRC placement or HC utilizing the five criteria under the eligibility provisions of the Act. As such, inmates with unresolved pending charges or detainers will not ordinarily participate in placement. However, based on your release needs, unit staff recommended you for RRC placement date based on FTCs which can be applied to RRC or HC. Once the referral for placement is completed, it will be submitted to the Residential Reentry Manager (RRM) who has the sole responsibility to assign an RRC placement date.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2-5-2024
Date

Andre Matevousian, Regional Director

November 10, 2024

Dear Court Clerk,

Enclosed please find a copy of my 2241 petition with a 5.00 dollar money order to pay for the filing fee. This is my second 2241 that I am sending to the court. My first 2241 I sent was sent but the filing fee was neevr recieved by the court despite the prison taking the money out of my account 6 weeks ago. That is out of my so I decided to file another petition to the court but this time having a famliy member mail it for me with including the filing fee so that 's not an issue anymore.

I am humbly asking this Court to please consider this 2241 petition an emergency petition because currently I am being held in federal custody unlawfully according to the BOP policy and laws that Congress obligates the BOP to follow and if this petition is not heard ASAP then that will be the result of me being unlawfully detained at F.C.I Milan even longer which will be a complete violation of my due process right under the 5th and 14th Amendment of the United States Constitution. All I'm respectfully asking for is to be treated fairly which the due process clauses in the 5th and 14th Amendment grants me, despite of me being a prisoner. Yes people make poor choices in life sometimes, but for some people thise poor choices do not define who they are as a person adn I am asking this court to look pass the fact that I am a prisoner and veiw me as a human.

Sincerely,

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI, 48160

Amanze Antoine
85473-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

United States District Court
For The Eastern District of Michigan
OFFICE OF THE CLERK
231 West LAFAYette BIVD
Detroit, Michigan 48226

U.S. MAR...





# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 24-13089 | Judge: F. Kay Behm | Magistrate Judge: Curtis Ivy, Jr. |

**Name of 1st Listed Plaintiff/Petitioner:**
Amanze Antoine

**Name of 1st Listed Defendant/Respondent:**
Eric Rardin

**Inmate Number:** 85472054

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
FCI Milan
Federal Correction Institution
P.O. Box 1000
Milan, MI 48160
WASHTENAW COUNTY

**BASIS OF JURISDICTION**
☒ 2 U.S. Government Defendant
☐ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☐ IFP *In Forma Pauperis*
☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes ☐ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes ☐ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____