United States District Court
Eastern District of Michigan

Amanze Antoine (#85472-054),

      Petitioner,  Case No. 24-cv-12462

      -vs-

                                                     Honorable Robert J. White
Eric Rardin (Warden),            Mag. Judge Elizabeth A. Stafford

      Respondent.
_____/

## Motion to Dismiss Petition for Writ of Habeas Corpus

The Court should dismiss Amanze Antoine's petition for writ of habeas corpus. Antoine requests immediate release to prerelease custody and claims that he was wrongly denied placement in a residential reentry center based on an active detainer lodged against him by the State of New York. But because Antoine has not exhausted his administrative remedies, the Bureau of Prisons has not had the opportunity to review his claims or make a record of the reasons for granting or denying them. And this Court lacks jurisdiction over Antoine's challenge to the place of his confinement. Antoine's petition should therefore be dismissed.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

/s/ Meghan S. Bean
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0214
meghan.bean@usdoj.gov

Dated: February 21, 2025

United States District Court
Eastern District of Michigan

Amanze Antoine (#85472-054),

    Petitioner,                Case No. 24-cv-12462

    -vs-

                                     Honorable Robert J. White
Eric Rardin (Warden),         Mag. Judge Elizabeth A. Stafford

    Respondent.
_____/

# Brief in Support of Motion to Dismiss
# Petition for Writ of Habeas Corpus

## Issue

Should Antoine's petition for writ of habeas corpus under 28 U.S.C. § 2241 be dismissed because he failed to exhaust his administrative remedies and because this Court lacks subject matter jurisdiction to address his claim?

## Statement of Facts

Amanze Antoine is a federal prisoner serving a 120-month sentence for illegally possessing a firearm as a convicted felon, conspiring to violate federal firearms laws, and conspiring to distribute crack cocaine. (Ex. A: Declaration of S, Allison-Love, ¶ 3 & Att. 1). He is

currently incarcerated at the Federal Correctional Institution in Milan, Michigan. (*Id.*). His First Step Act release date, which is the earliest date that he is eligible for release from BOP custody to supervised release, is September 26, 2025. (*Id.*).

Antoine has now petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Antoine requests immediate release to prerelease custody and claims that he has been wrongly denied placement at a residential reentry center (RRC) due to an active parole detainer lodged against him by the State of New York. (ECF No. 9-1, Habeas Petition, PageID.1–PageID.38–41).

## Argument

**A.    Antoine's habeas petition should be dismissed for failure to exhaust his administrative remedies.**

Because Antoine has not given the Bureau of Prisons a full opportunity to review his claims and determine whether they have merit, his habeas petition should be dismissed for failure to exhaust. The Bureau of Prisons' administrative remedy process allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq.* It is well settled that federal

prisoners must exhaust administrative remedies under this process before filing a habeas petition. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). This exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). It also "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

These same exhaustion rules govern a prisoner's request for release to prerelease custody. *See, e.g.*, *Morris v. Hickey*, No. CIV.A. 10-CV-38-JMH, 2010 WL 502738, at *2 (E.D. Ky. Feb. 8, 2010) ("This Court has consistently held that administrative exhaustion of RRC placement claims is required."); *United States v. Richards*, No. 3:05-CR-00185, 2019 WL 2008572, at *6 (M.D. Tenn. May 7, 2019) (finding petitioner had not administratively exhausted his claim challenging the

3

denial of RRC placement). Thus, before going to court, the prisoner must raise and pursue his request through the Bureau of Prisons' administrative remedy program. That program requires the prisoner to submit a request to the warden of his facility and then, if necessary, to appeal the denial of the request to the Regional Director for the Bureau of Prisons and the General Counsel for the Bureau of Prisons. 28 C.F.R. §§ 542.13–15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Picklesimer v. Rardin*, No. 2:24-cv-11772, 2025 U.S. Dist. LEXIS 2923, at *4 (E.D. Mich. Jan. 7, 2025) (quoting *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994)); *see also Herrera v. Rardin*, No. 4:24-CV-11492, 2024 U.S. Dist. LEXIS 223278, at *6 (E.D. Mich. Dec. 10, 2024) (same); *Crisp v. United States*, No. 20-11538, 2020 WL 8765938, at *1 (E.D. Mich. Aug. 12, 2020) (same).

Before filing his petition, Antoine submitted two administrative remedy requests related to RRC placement, but never completed all three steps of the administrative process for those requests, as required. (Ex. A: Declaration of S. Allison-Love, ¶ 9, Atts. 2–6). For his first request, Antoine's appeal to the General Counsel's office was rejected as

4

incomplete and he was notified about how to remedy the error and re-file, but he failed to do so. (*Id.*, Att. 5). Antoine failed to appeal to the General Counsel's office for his more recent remedy request altogether. (Ex. A: Declaration of S. Allison-Love, ¶ 9). And Antoine does not claim that exhausting his administrative remedies would have been futile, nor could he. Thus, because Antoine has not exhausted his administrative remedies, the Court should dismiss his petition.

Exhaustion is particularly important in this context. When an inmate has a state detainer lodged against him, BOP generally sends a Detainer Action Letter (DAL) to state authorities to alert them of the inmate's eligibility for release to prerelease custody under the First Step Act and of BOP's ability to transfer the inmate to state custody prior to completion of his federal sentence, instead of releasing the inmate to prerelease custody only to have them immediately arrested by state authorities. *See* 18 U.S.C. § 3623; *see also* BOP Program Statement 5140.44, Transfer of a Prisoner to State Custody Prior to Release from the Federal Sentence. But because Antoine has failed to avail himself of the full administrative process, the Bureau of Prisons has not had the opportunity to explain to him where it is in that

5

transfer process or to otherwise determine the validity of his claims. Nor is there a complete administrative record available for judicial review. Antoine should not be allowed to abandon the administrative process and obtain judicial review on an incomplete record.

Thus, as other courts have done, the Court should dismiss Antoine's petition for failure to exhaust. *See, e.g.*, *Delgrosso v. Hemingway*, 2:22-CV-12082, 2023 U.S. Dist. LEXIS 5023 (E.D. Mich. Jan. 11, 2023); *Davila v. Hemingway*, No. 2:21-CV-10941, 2022 WL 17409614 (E.D. Mich. Nov. 4, 2022); *Tennille v. Fed. Bureau of Prisons*, No. 22-10171, 2022 WL 2918130, *1–*2 (E.D. Mich. July 25, 2022); *Fleming v. Director Bureau of Prisons*, No. 2:22-CV-10080, 2022 WL 982233, *1–*2 (E.D. Mich. Mar. 30, 2022); *Woodard v. Quintana*, No. CV 5:15-307-KKC, 2015 WL 7185478, at *4 (E.D. Ky. Nov. 13, 2015).

**B.  Antoine's petition should also be dismissed for lack of jurisdiction because he challenges the place, and not the fact or duration, of his confinement.**

Antoine's petition should also be dismissed because, even if he were eligible for immediate release to prerelease custody, this Court does not have jurisdiction to grant the relief he seeks. Habeas corpus is the proper vehicle when a prisoner is challenging the fact or duration of

6

his confinement and is seeking an immediate or speedier release from custody. *See* 28 U.S.C. § 2241(c)(3); *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973). But "claims seeking relief in the form of . . . transfer to another facility are not properly brought under § 2241[.]" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020); *see also United States v. Sanders*, No. 19-20191, 2021 WL 510195, at *2 (E.D. Mich. Feb. 11, 2021). Indeed, the "designation of a place of imprisonment" is "*not reviewable by any court.*" 18 U.S.C. § 3621(b) (emphasis added). Antoine's projected release date under the First Step Act is September 26, 2025, so he is not eligible for immediate release from BOP custody— he only wants to be transferred to an RRC to serve the remainder of his sentence there instead of in prison.

But when a prisoner seeks "a transfer to prerelease custody," there is "no habeas jurisdiction." *Wessels v. Houden*, No. 23-cv-1266 (WMW/ECW), 2023 WL 7169154, at *1 (D. Minn. June 22, 2023), *rep. and rec. adopted*, 2023 WL 7168926 (D. Minn. Oct. 31, 2023). That is because designation of a place of confinement is "within the exclusive purview of the BOP." *United States v. Morris*, No. 15-20283, 2020 WL 7056045, at *1 (E.D. Mich. Dec. 2, 2020). Because Antoine has not

7

raised a claim that is cognizable under § 2241, this Court should also dismiss it for lack of jurisdiction. *See, e.g.*, *Hernandez v. Eischen*, No. 24-cv-27 (KMM/DLM), 2024 U.S. Dist. LEXIS 212971, at *13 (D. Minn. Oct. 28, 2024) ("[B]ecause Mr. Hernandez's request to be transferred to an RRC or home confinement challenges the place of his confinement, not the fact or duration of that confinement, a writ of habeas corpus is not the proper remedy to obtain the relief he seeks."); *Woodley v. Warden, USP Leavenworth*, No. 24-3053-JWL, 2024 U.S. Dist. LEXIS 180952, at *3 (D. Kan. Oct. 3, 2024) ("[A]lthough the BOP was required to transfer petitioner to prerelease custody, it retained the discretion to determine where and how that transfer was accomplished, and the Court has no power to review those decisions."); *Vendrell-Santiago v. Rivers*, No. 3:22-cv-2261, 2023 WL 11760821, at *2 (N.D. Tex. Oct. 13, 2023, *rep. and rec. adopted*, 2024 WL 2702665 (N.D. Tex. May 24, 2024) (finding jurisdiction lacking under § 2241 because the prisoner's "request for immediate placement in pre-release custody challenges a placement decision *not* the fact or duration of his confinement"); *Gant v. King*, No. 23-CV-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("Gant's claim that Section 3632(d)(4) requires that his FSA time

8

credits apply toward his prerelease custody addresses the place of his detention."); *United States v. Curry*, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have authority to grant the requested relief.").

## Conclusion

The petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

/s/ Meghan S. Bean
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0214
meghan.bean@usdoj.gov

Dated: February 21, 2025

9

## Certificate of Service

I certify that on February 21, 2025, I electronically filed this motion to dismiss with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

>Amanze Antoine, Reg. No. 85472-054
>FCI Milan
>Federal Correctional Institution
>P.O. Box 1000
>Milan, MI 48160

/s/ Meghan S. Bean
Assistant United States Attorney

10