# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AMANZE ANTOINE,

Petitioner,

v.

CASE NO.: 2:24-cv-12462-RJW-EAS

ERIC RARDIN,

Respondent.

## DECLARATION OF S. ALLISON-LOVE

I, the undersigned S. Allison-Love, do hereby make the following declaration pertinent to the above-styled and numbered cause.

1.   I am the Consolidated Legal Center (CLC) Attorney for the Federal Bureau of Prisons (BOP), at the Federal Correctional Institution in Milan, Michigan (FCI Milan).   I have been employed with the BOP since July 2010.

2.   As a BOP Attorney, I have access to official records maintained by the BOP and am familiar with the procedures contained in BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates[1], and 28, C.F.R. Part 542, Subpart B.

3.   The United States District Court of the Northern District of West Virginia sentenced Petitioner Amanze Antoine, #85472-054, to a 120-month term of imprisonment followed by 3 years of supervised release for violations of 18 U.S.C. §922(a)(6), and

---

1 A full copy of this program statement can be obtained via the BOP website at *www.bop.gov.*

1

924(a)(2), Conspiracy to Violate Federal Firearms Laws; 18 U.S.C. § 841(a)(1) and

841(b)(1)(C), Conspiracy to Distribute Cocaine Base; and 18 U.S.C. § 922(g)(1) and

924(a)(2), Unlawful Possession of a Firearm.[2]

4.  I have reviewed the complaint filed by Petitioner, in which he alleges he was refused

Residential Reentry Center (RRC) prerelease placement because of a detainer and

thus should be immediately transferred to prerelease custody.

5.  The Administrative Remedy Program is described at 28 C.F.R. § 542.10, et seq.,

Administrative Remedy Procedures for Inmates.[3]  The BOP's administrative remedy

program applies to inmates who are under the supervision of community corrections

centers.[4]  Ordinarily, once an inmate has attempted to informally resolve an issue,

the administrative remedy process is commenced by filing a Request for

Administrative Remedy (BP-9) with the Warden of the facility where the inmate is

confined.  If the inmate is not satisfied with the BP-9 response, the inmate may

appeal by filing a Regional Administrative Remedy Appeal (BP-10) with the

Regional Office within 20 days of when the warden signed the response.  If

dissatisfied with the Regional response, the inmate may appeal to the BOP's Office of

General Counsel via a Central Office Administrative Remedy Appeal (BP-11) within

30 days of the Regional Director's signed response.  Appeal to BOP's Office of

---

2 See Attachment 1, Sentence Monitoring Computation
3 BOP Program Statements are available for inmate access via the institution law library.  Additionally,
administrative remedy filing procedures are outlined and explained to inmates during Admission and Orientation.
4 28 C.F.R. § 542.10(b)

General Counsel is the final step in the BOP's administrative remedy process.   The

response from the General Counsel's Office is considered the final agency decision.

To properly exhaust all administrative remedies, an inmate must timely and properly

present a claim to each level, have that remedy request accepted, and receive an

actual response to that request.

6.   BOP policy provides that the inmate is to obtain the appropriate form from institution

staff (ordinarily, the correctional counselor).   It further notes, the "Request for

Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the

institution."[5]   If the inmate submits a request for remedy, but does not receive a

response within the time allotted for reply, including extension, the inmate may

consider the absence of a response to be a denial at that level.[6]

7.   Remedy requests are assigned a unique numeric designation, followed by a suffix

indicating the level of the request, as follows:   "-F" indicates a request to the

Warden, "-R" indicates an appeal to the Regional Director, and "-A" indicates an

appeal to the General Counsel's Office.

8.   The federal regulation on the Administrative Remedy Program states that all

submissions received by the Administrative Remedy Clerk, whether accepted or

rejected, shall be entered into SENTRY in accordance with the SENTRY

---

5 28 C.F.R. § 542.14
6 28 C.F.R. § 542.18

Administrative Remedy Technical Reference Manual.[7]

9.   I have reviewed the record of administrative remedy requests submitted by Petitioner. He has submitted 2 remedies regarding RRC placement, 1183807 and 1219761.[8]

   1) 1183807-F1 - BP-9 remedy received by the institution on December 12, 2023, and a response was issued to Petitioner on December 15, 2023.[9]

   2) 1183807-R1 - BP-10 remedy received by the Region on January 4, 2024, and a response was issued to Petitioner on February 5, 2024.[10]

   3) 1183807-A1 - BP-11 remedy received by Central Office on March 22, 2024, and was rejected on March 28, 2024, for not providing a copy of the BP-9 with his submission.   He was instructed to correct and resubmit within 15 days of the rejection.[11]   No further submissions for this remedy have been received.

   4) 1219761-F1 - BP-9 remedy received by the institution on November 18, 2024, and a response was issued to Petitioner on November 26, 2024.[12]

   5) 1219761-R1 - BP-10 remedy received by the Region on December 13, 2024, however, a response has yet to be issued to Petitioner.[13]   As more than 30 days has passed without a response from the Region, Petitioner could have

---

7 PS 1330.18 (13)(a), Remedy Processing, Receipt
8 See Attachment 2, Administrative Remedy Retrieval
9 See Attachment 2; and Attachment 3, Remedy 1183807-F1
10 See Attachment 2; and Attachment 4, Remedy 1183807-R1
11 See Attachment 2; and Attachment 5, Remedy Rejection 1183807-A1.   *Note*: When rejection letters are re-printed from SENTRY, the system automatically assigns the current date as the document's date
12 See Attachment 2; and Attachment 6, Remedy 1219761-F1
13 See Attachment 2

4

proceeded with exhausting his administrative remedies by filing a BP-11.[14]

No further submissions for this remedy have been received.

10.    An inmate must appeal through all three levels of the Administrative Remedy Process to exhaust administrative remedies.[15]   Based upon my review of the administrative remedy record, Petitioner did not properly exhaust either of his administrative remedies through the BOP's Administrative Remedy Program as it relates to the allegation raised in his Complaint.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 13th day of February 2025.

S. Allison-Love
CLC Attorney
Federal Bureau of Prisons
FCI Milan

---

14  PS 1330.18 (12), Response Time
15  28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

5

**ATTACHMENT 1 to Allison-Love Declaration**

```
MILBU  540*23 *              SENTENCE MONITORING         *    01-02-2025
PAGE 001         *          COMPUTATION DATA            *    15:28:18
                            AS OF 01-02-2025


REGNO..: 85472-054 NAME: ANTOINE, AMANZE


FBI NO..........: 433515HB3          DATE OF BIRTH: 12-17-1980  AGE:  44
ARS1............: MIL/A-DES
UNIT............: 7 GP                QUARTERS.....: A02-202U
DETAINERS.......: YES                 NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.


HOME DETENTION ELIGIBILITY DATE....: 03-26-2025


FINAL STATUTORY RELEASE FOR INMATE.: 09-26-2026 VIA GCT REL
         WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 09-26-2025 VIA FSA REL


                 RELEASE AUDIT COMPLETED ON 09-05-2024 BY DSCC
----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: WEST VIRGINIA, NORTHERN DISTRICT
DOCKET NUMBER...................: 1:18CR17-1
JUDGE...........................: KEELEY
DATE SENTENCED/PROBATION IMPOSED: 03-27-2019
DATE COMMITTED..................: 04-18-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $300.00        $00.00          $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  409    21:841 & 846 SEC 841-851
OFF/CHG: 18:922(A)(6)&924(A)(2)CT1 CONSPIRACY TO VIOLATE FEDERAL
         FIREARMS LAWS;21:841(A)(1)&(B)(1)(C) CT2 CONSPIRACY TO
         DISTRIBUTE COCAINE BASE;18:922(G)(1)&924(A)(2) CT4 UNLAWFUL
         POSSESSION OF A FIREARM

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  120 MONTHS
 TERM OF SUPERVISION............:    3 YEARS




G0002        MORE PAGES TO FOLLOW . . .
```

```
MILBU  540*23 *            SENTENCE MONITORING        *      01-02-2025
PAGE 002        *            COMPUTATION DATA          *      15:28:18
                            AS OF 01-02-2025


REGNO..: 85472-054 NAME: ANTOINE, AMANZE


 DATE OF OFFENSE................: 06-19-2017


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-05-2019 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-23-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 03-27-2019
TOTAL TERM IN EFFECT............:   120 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS
EARLIEST DATE OF OFFENSE........: 06-19-2017

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    03-20-2018   03-26-2019


TOTAL PRIOR CREDIT TIME.........: 372
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 540
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 09-26-2026
ELDERLY OFFENDER TWO THIRDS DATE: 11-18-2024
EXPIRATION FULL TERM DATE.......: 03-19-2028
TIME SERVED.....................:    6 YEARS      9 MONTHS    14 DAYS
PERCENTAGE OF FULL TERM SERVED..: 67.9
PERCENT OF STATUTORY TERM SERVED: 79.6


PROJECTED SATISFACTION DATE.....: 09-26-2025
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: 12-5-19 GCT UPDTD PURSUANT TO FIRST STEP ACT. B/KCW




G0002      MORE PAGES TO FOLLOW . . .
```

```
  MILBU  540*23 *          SENTENCE MONITORING        *     01-02-2025
PAGE 003 OF 003 *           COMPUTATION DATA          *     15:28:18
                          AS OF 01-02-2025


REGNO..: 85472-054 NAME: ANTOINE, AMANZE


------------------------------ CURRENT DETAINERS: ---------------------------

DETAINER NO..: 001
DATE LODGED..: 05-02-2024
JURISDICTION.: STATE OF NEW YORK
AUTHORITY....: NYS CORRECTIONS & COMMUNITY SUPERVISION 3 COTTAGE PLACE 1ST
CHARGES......: FLOOR NEW ROCHELLE, NY 10801. PAROLE VIOLATION WARRANT
               #744420 CONTACT MCKENZIE TRUBRIDGE AT (518)457-7566 OR EMAIL
               MCKENZIE.TRUGRIDGE@DOCCS.NY.GOV
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**ATTACHMENT 2 to Allison-Love Declaration**

```
  MILBU         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      01-02-2025
PAGE 001 OF                                                         15:11:24
      FUNCTION: L-P SCOPE: REG   EQ 85472-054    OUTPUT FORMAT: SAN
  ------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____      ____      ____      _____      _____      _____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ____      ____      ____      ____      ____      ____
         TYPE: ____      ____      ____      ____      ____      ____
EVNT FACL: EQ _____      ____      ____      _____      _____      _____
RCV FACL.: EQ _____      ____      ____      _____      _____      _____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ _____      ____      ____      _____      _____      _____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002      MORE PAGES TO FOLLOW . . .
```

```
   MILBU          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      01-02-2025
PAGE 002 OF    *                  SANITIZED FORMAT              *      15:11:24


   REMEDY-ID     SUBJ1/SUBJ2  --------------------ABSTRACT------------------------
                 RCV-OFC      RCV-FACL      DATE-RCV        STATUS     STATUS-DATE


987348-F1       27BM/27CM    SEEKS PROPER DENTAL CARE TO PREVENT LOSING TEETH
                 RBK          RBK          08-14-2019      CLD         08-20-2019

987348-R1       27BM/27CM    SEEKS PROPER DENTAL CARE TO PREVENT LOSING TEETH
                 NER          RBK          09-03-2019      REJ         09-05-2019

987348-R2       27BM/27CM    SEEKS PROPER DENTAL CARE TO PREVENT LOSING TEETH
                 NER          RBK          09-23-2019      REJ         09-30-2019

995681-F1       10ZM/        WANTS TO BE MOVED TO A FACILITY CLOSER TO HOME
                 RBK          RBK          10-31-2019      CLD         11-13-2019

997121-F1       15ZM/        WANTS INFORMATION ON FIRST STEP PROGRAM CREDITS
                 RBK          RBK          11-14-2019      CLO         11-19-2019

997121-R1       15ZM/        WANTS INFORMATION ON FIRST STEP PROGRAM CREDITS
                 NER          RBK          12-03-2019      CLO         01-02-2020

995681-R1       10ZM/        WANTS TO BE MOVED TO A FACILITY CLOSER TO HOME
                 NER          RBK          12-03-2019      CLD         01-02-2020

1055917-F1      28BM/        REQUESTS TO BE SENT TO RESOLVE PROGRAM
                 RBK          RBK          11-05-2020      CLO         12-03-2020

1059548-F1      10ZM/        REQUESTS TRANSFER
                 RBK          RBK          12-04-2020      CLG         12-11-2020

1083360-F1      27BM/        REQUESTS PROPER DENTAL CARE.
                 RBK          RBK          06-02-2021      CLO         06-29-2021

1083360-R1      27BM/        REQUESTS PROPER DENTAL CARE.
                 NER          RBK          07-19-2021      REJ         08-24-2021

1157965-F1      16AM/        MAKES NO SPECIFIC REQUEST FOR REMEDY
                 RBK          RBK          04-13-2023      REJ         04-13-2023

1159278-F1      34AM/        STAFF BE HELD ACCOUNTABLE
                 RBK          RBK          04-25-2023      VOD         04-25-2023

1183807-F1      19ZM/        WANTS 365 DAYS FOR SCA/FSA
                 MIL          MIL          12-12-2023      CLD         12-15-2023

1183807-R1      19ZM/        WANTS 365 DAYS FOR SCA/FSA
                 NCR          MIL          01-04-2024      CLO         02-05-2024

1183807-A1      19ZM/        WANTS 365 DAYS FOR SCA/FSA
                 BOP          MIL          03-22-2024      REJ         03-28-2024


   G0002        MORE PAGES TO FOLLOW . . .
```

```
   MILBU         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      01-02-2025
PAGE 003 OF 003 *                SANITIZED FORMAT              *      15:11:24


  REMEDY-ID     SUBJ1/SUBJ2   --------------------ABSTRACT------------------------
                RCV-OFC       RCV-FACL      DATE-RCV       STATUS      STATUS-DATE

1219761-F1      10ZM/         INMATE SEEKS RRC PLACEMENT DISPUTE DETAINER
                 MIL           MIL         11-18-2024       CLD        11-26-2024

1219761-R1      10ZM/         INMATE SEEKS RRC PLACEMENT DISPUTE DETAINER
                 NCR           MIL         12-13-2024       ACC        12-13-2024
```

```
          18 REMEDY SUBMISSION(S) SELECTED
 G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

**ATTACHMENT 3 to Allison-Love Declaration**

**BP-229 RESPONSE**                          **CASE NUMBER: 1183807-F1**

Your Request for Administrative Remedy (BP-229), dated November 21, 2023, has been reviewed.   You are requesting that you receive 365 days of RRC placement based on provisions of the 2nd Chance Act.

A review of the issue(s) you raise in your BP-229 has been conducted.   Program Statement 7310.04 states, in part, "Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement, shall not ordinarily participate in CCC programs".   You currently have a detainer lodged against you by the State of New York.   Additionally, CN-2 to P.S. 5410-01 states "Individuals with pending charges or detainers may be considered for prerelease placement but the referral is limited to the amount of FTCs which are not being applied towards early release or Supervised Release as these individuals are no otherwise appropriate for prerelease placement under the Second Chance Act due to the likelihood of arrest and/or confinement".   To date you have earned 205 FTCs which can be applies towards RRC or Home Confinement, you are therefore only eligible for a RRC placement of 205 days.

Accordingly, your request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    ___12/14/23___
E. Rardin, Warden                            Date

U.S. DEPARTMENT OF JUSTICE

REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Antoine Amanze__ __85472-054__ __A__ __Milan__
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** It's nothing in the second chance Act that states a person cannot get the 12 months halfway house it offers because of a person having a detainer. Under the Second Chance Act a inmate is evaluated for halfway house placement using the criteria listed in 18 U.S.C Section 3621(b), and there is nothing in that section that states a inmate cannot receive the 12 months of halfway house it offers because a inmate has a detainer. In Fact on 10-20-23 a memo was placed on the inmate's bulletin Board that stated the halfway house under the Second Chance Act is to be included with the halfway house time under the First step act that a inmate earned even if the inmate has a detainer

__11-21-23__            _(signature)_
DATE                            SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____            _____
DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**        CASE NUMBER: 1183801-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____            _____
DATE       RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN       ♲ PRINTED ON RECYCLED PAPER

Attached is the page of Program Statement 5410-01, Procedures For Implementation for the First Step Act.

In these procedures it clearly states if a person is First Step Act eligible their RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C 3621 (b), required under the Second Chance Act, plus the remaining number of days not applied to supervised release.

Nothing in this Program Statement says I'm not entitled to time towards my halfway house under the Second Chance Act. It states if a person is First Step Act eligible their RRC and/or HC recommendation will include the total number of days recommended base on "the Five Factor Review in 18 U.S.C 3621 (b)", required under the Second Chance Act. And nothing in 18 U.S.C 3621 (b) states a person cannot receive halfway house under the Second Chance Act because of a detainer. Therefore, since I'm First Step Act eligible I'm am entitle to halfway house time under the Second Chance Act according to Program Statement 5410-01, Procedures For Implementation for the First Step Act.

Inmates may initiate a request under (c)(2) by submitting a BP-A0148, Inmate Request to Staff, during their regularly scheduled Program Review.  The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.

For Minimum and Low PATTERN risk inmates, consistent with the methodology described in Sections 6 and 7 of this policy, the Bureau will initially estimate an FSA conditional Projected Release Date (PRD) by calculating the maximum number of potential FTC that an inmate may earn during his or her sentence.  The Bureau will make an initial projection based on the inmate's PATTERN risk level. (For inmates currently in custody as of the effective date of this policy, the PATTERN risk level will be presumed to be the current level). This FSA PRD is subject to change during the inmate's incarceration, and it will be adjusted if the inmate's PATTERN score changes or if the inmate enters non-earning status.

FTC will not be applied towards an inmate's release date unless earned. Medium and High PATTERN risk inmates may earn FTC, but will not receive an estimated FSA PRD.

RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater. The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C. § 3621(b)), required under the Second Chance Act, plus the remaining number of FTC days not applied to supervised release at the time of the referral. When determining the FTC days available to be applied toward RRC/HC placement, the Bureau will assume that the inmate will remain in earning status from the referral date until the transfer to prerelease custody.   There is no expectation the RRC/HC placement date will be modified once the referral has been submitted to the RRM office.

**Once an inmate has been transferred to prerelease custody pursuant to the procedures outlined in this section, the inmate will maintain the recidivism risk level the inmate had at the time of the transfer, unless the inmate benefits from a lower recidivism risk level based on the passage of time or the inmate's actions result in a higher risk rating. If an inmate is removed from prerelease custody for a violation, and is returned to a BOP institution, the inmate's recidivism risk level will be reassessed pursuant to the procedures outlined in Section 5 of this Program Statement.**

Prerelease placement is dependent on, but not limited to, the inmate's release residence, program requirements, and available contract bed space and funding.

**(d)** *Transfer to supervised release.* **The Bureau may apply FSA Time Credits toward early**

ATTACHMENT 4 to Allison-Love Declaration

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**   1183807-R1

This is in response to your Regional Administrative Remedy Appeal received January 4, 2024, in which you request Residential Reentry Center (RRC) or Home Confinement (HC) placement pursuant to 18 U.S.C. § 3621(b) in conjunction with earned and projected Federal Time Credits (FTC).

We have reviewed your appeal and the Warden's response dated December 14, 2023.   The Second Chance Act of 2007 (the Act) allows the Bureau of Prisons to consider all inmates for RRC placement for a maximum of up to 12 months.   According to criteria identified in the Act, pre-release RRC placement decisions must be made on an individual basis in every inmate's case.   Among the criteria staff consider are the factors contained in 18 U.S.C. 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate), and any pertinent policy statement issued by the Sentencing Commission.

You currently have a projected release date of September 26, 2025, via First Step Act release.   Your case was evaluated to determine if you warrant RRC placement or HC utilizing the five criteria under the eligibility provisions of the Act.   As such, inmates with unresolved pending charges or detainers will not ordinarily participate in placement.   However, based on your release needs, unit staff recommended you for RRC placement date based on FTCs which can be applied to RRC or HC. Once the referral for placement is completed, it will be submitted to the Residential Reentry Manager (RRM) who has the sole responsibility to assign an RRC placement date.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2-5-2024
_____
Date

_____
Andre Matevousian, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Antoine AMANZE _____ 85472-054 _____ A _____ MilAn
    LAST NAME, FIRST, MIDDLE INITIAL _____ REG. NO. _____ UNIT _____ INSTITUTION

**Part A - REASON FOR APPEAL**   I disagree with the reason Warden Rardin gave for denying my BP-8. It's true what warden Rardin stated about Program Statement 7310.04 stating a person with a detainer shall not ordinarily participate in CCC programs, and in CN-2 to P.S 5410-01 states can recieve FTC's applied to their prerelease placement. However Program Statement 5410-01 states "The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C 3621(b), required under the second Chance Act, if someone is First Step Act eligible, which I am." If a person is not FSA eligible then P.S 7310.04 pertains to them in terms of they can not be placed in a halfway house with a detainer, under the second Chance Act. But if a person is FSA eligible a recommendation for the halfway house will be based on the Five Factor in 18 U.S.C 3621(b), which states nothing about a person not receiving halfway house time because of a detainer. Therefore it makes me eligible to receive halfway house time under the second chance Act.

_12-19-2023_ (Please See Attachment) _____ _____ _mlu mr_
    DATE _____ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JAN 04 2024

_____ DATE _____ _____ REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY _____ CASE NUMBER: 1183807-R1

**Part C - RECEIPT**

_____ CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL _____ REG. NO. _____ UNIT _____ INSTITUTION

SUBJECT: _____

_____ DATE _____ SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

**ATTACHMENT 5 to Allison-Love Declaration**

```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY


DATE: FEBRUARY 12, 2025




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : AMANZE ANTOINE, 85472-054
      MILAN FCI    UNT: 7 GP    QTR: A02-202U
      P.O. BOX 9999
      MILAN,  MI 48160



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1183807-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : MARCH 22, 2024
SUBJECT 1      : OTHER COMMUNITY PROGRAMS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR    INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.
```

**ATTACHMENT 6 to Allison-Love Declaration**

**BP-229 RESPONSE**                                **CASE NUMBER: 1219761-F1**

Your Request for Administrative Remedy (BP-229), dated November 12, 2024 has been reviewed.   You are requesting that your RRC placement be reevaluated and that you be transferred to prerelease custody.

A review of the issue(s) you raise in your BP-229 has been conducted.   You are claiming that you are being denied the amount of prerelease custody that you believe you are entitled to.   In October 2024, your Unit Team submitted an RRC referral on your behalf with a requested placement date of October 7, 2024.   Your referral was reviewed by the RRM who subsequently determined that placement was not appropriate in your case due to your detainer and the strong objections entered by the State of New York.

Accordingly, your request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____          _____
E. Rardin, Warden                           Date   11/26/2024

11-12-24

**Request For Administrative Remedy**

**U.S. Department Of Justice**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Amanze Antoine    85472-054    A    Milan
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** Nothing in the BOP's policy states if the agency that has a detainer lodged on a AIC prevents the AIC from going to RRC. Program statement CN-2 5410-01 clearly states a AIC can go to RRC with a detainer and it does not exclude a AIC from going to RRC if the agency who has a detainer lodged against the AIC. Nothing in the BOP's policy states if the agency who has a detainer lodged against a AIC, it excludes an AIC from going to RRC. Therefore, I should be allowed to go to RRC. Please see caselaw Jones v. Engleman 2022 U.S Dist. LEXIS 185635, 2022 WL 6543744

11-12-2024
DATE        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
NOV 19 2024
BY:

Please see the attached response //eat

DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: 1219761-F1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-229(13) APRIL 1982