TRULINCS 85472054 - ANTOINE, AMANZE - Unit: MIL-A-A

------------------------------------------------------------------------

FROM: 85472054
TO: U.S. Sentencing Commission
SUBJECT: ***Request to Staff*** ANTOINE, AMANZE, Reg# 85472054, MIL-A-A
DATE: 02/26/2025 07:07:06 AM



FILED

MAR 0 4 2025

CLERK'S OFFICE
DETROIT

Eastern District of Michigan

Amanze Antoine(#85472-054)                    Case No. 24=cv=12462

    Petitioner,

-vs-


Eric Rardin(Warden),

    Respondent,

        Petitioner's reply to the government's response to his 2241

TRULINCS 85472054 - ANTOINE, AMANZE - Unit: MIL-A-A

---

FROM: 85472054
TO: U.S. Sentencing Commission
SUBJECT: ***Request to Staff*** ANTOINE, AMANZE, Reg# 85472054, MIL-A-A
DATE: 02/26/2025 07:39:56 AM


In the government's response to the petitioner's 2241 petition the government feels that the petition should be dismissed because the petitioner failed to exhaust his administrative remedies.

The government states in its response because the petitioner did not appeal his first administrative remedy request to the General Counsel's office that was related to his RC placement, this Court should dismiss this petition.

The reason why Mr. Antoine did not appeal to the General Counsel's office is because there was no need to. If you read the response from Mr. Antoine's BP-8 from warden Eric Rardin and the Regional Director Andre Matevousion (both attached as Exhibit A in this petition) you will see that they both wrote that the petitioner can be placed in RRC even with a detainer but is limited to the amount of days that the petitioner earned under the First Step Act towards his RRC placement date which is currently 430 days.

There was no need for the petitioner to appeal to the General Counsel's Office because both the warden and Regional Director agreed that he can be placed in the halfway house with a detainer. People appeal decision to a higher authority when they are not please with a decision and because I got the decision I wanted from the warden and Regional Director which was I can be placed in the halfway house with a detainer there was no reason for me to appeal to the General Counsel Office. Therefore, the government claim that the petitioner 2241 should be dismissed because he did not exhaust his administrative remedies is substanceless and holds no merit.

The true problem at hand is that the BOP's policy (program statement CN-2 5410-01) states in its plain text that the petitioner can be placed in the halfway house with a detainer but the RRM office is not following that policy and is not being held accountable for it. Everyone who is in a position of power to make the RRM office follow the BOP's policy is playing a blind eye and letting them do what they want, which is unfair. Everyone should follow the BOP's policy not just inmates.

I have earned 430 days towards my RRC placement date because I have completed over 65 educational programs and stayed out of trouble. MY RRC placement date was October 7, 2024 (4 months ago). And despite the BOP's policy stating that I can go to the halfway house with a detainer, the RRM office is not allowing me to because I have a detainer. If I was to break any rule in the BOP's policy I would be held accountable for my actions right away but that same rule does not apply to the RRM office. Certain policy only apply to some and not all it seems.

I'm respectfully asking this Court to grant this petition because the BOP's policy (program statement CN-2 5410-01) in its plain text states an individual can be placed in the halfway house with a detainer. There is nothing in the BOP's policy that states that the RRM office can deny the petitioner's RRC placement for the reason they are using to deny it. Therefore without a doubt this petition should be granted.

Respectfully Submitted,

*[signature]*

AMANZE Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160

# EXHIBIT A

**BP-229 RESPONSE**                                    **CASE NUMBER: 1183807-F1**

Your Request for Administrative Remedy (BP-229), dated November 21, 2023, has been reviewed. You are requesting that you receive 365 days of RRC placement based on provisions of the 2nd Chance Act.

A review of the issue(s) you raise in your BP-229 has been conducted. Program Statement 7310.04 states, in part, "Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement, shall not ordinarily participate in CCC programs". You currently have a detainer lodged against you by the State of New York. Additionally, CN-2 to P.S. 5410-01 states "Individuals with pending charges or detainers may be considered for prerelease placement but the referral is limited to the amount of FTCs which are not being applied towards early release or Supervised Release as these individuals are no otherwise appropriate for prerelease placement under the Second Chance Act due to the likelihood of arrest and/or confinement". To date you have earned 205 FTCs which can be applies towards RRC or Home Confinement, you are therefore only eligible for a RRC placement of 205 days.

Accordingly, your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    12/14/23
E. Rardin, Warden                          Date

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 1183807-R1**

This is in response to your Regional Administrative Remedy Appeal received January 4, 2024, in which you request Residential Reentry Center (RRC) or Home Confinement (HC) placement pursuant to 18 U.S.C. § 3621(b) in conjunction with earned and projected Federal Time Credits (FTC).

We have reviewed your appeal and the Warden's response dated December 14, 2023. The Second Chance Act of 2007 (the Act) allows the Bureau of Prisons to consider all inmates for RRC placement for a maximum of up to 12 months. According to criteria identified in the Act, pre-release RRC placement decisions must be made on an individual basis in every inmate's case. Among the criteria staff consider are the factors contained in 18 U.S.C. 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate), and any pertinent policy statement issued by the Sentencing Commission.

You currently have a projected release date of September 26, 2025, via First Step Act release. Your case was evaluated to determine if you warrant RRC placement or HC utilizing the five criteria under the eligibility provisions of the Act. As such, inmates with unresolved pending charges or detainers will not ordinarily participate in placement. However, based on your release needs, unit staff recommended you for RRC placement date based on FTCs which can be applied to RRC or HC. Once the referral for placement is completed, it will be submitted to the Residential Reentry Manager (RRM) who has the sole responsibility to assign an RRC placement date.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2-5-2024
Date

Andre Matevousian, Regional Director

2-26-2025

Case No. 24-cv-12462

Dear Clerk of Court,

My name is AMANZE Antoine. Enclosed please find a copy of my reply to the government's response to my 2241 petition.

Sincerely,
Amanze Antoine
85472-054
F.C.I MILAN
P.O Box 1000
MILAN, MI 48160

Amanze Antoine
85472-054
F.C.I Milan
P.O Box 1000
Milan, MI 48160


RECEIVED
MAR - 4 2025
CLERKS OFFICE
DETROIT

United States District Court
For The Eastern District of Michigan
OFFICE OF THE CLERK
Theodore Levin United States Courthouse
231 West LAFAYETTE BLVD
Detroit, Michigan 48226


