UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANZE ANTOINE,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.

Case No. 24-cv-12462

Honorable Robert J. White

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AND SUMMARILY DISMISSING THE PETITION AS MOOT**

I.   Introduction

Amanze Antoine is currently incarcerated at a Residential Reentry Center (RRC) in Philadelphia, Pennsylvania. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Antoine challenges the Bureau of Prisons' (BOP) refusal to apply his First Step Act (FSA) earned time credits towards early transfer to prerelease custody. Alternatively, Antoine seeks an order directing the Bureau of Prisons to release him to home confinement under the FSA. Respondent moved to dismiss the petition and filed a supplemental brief. (ECF Nos. 11, 13). Respondent argues that the petition should be dismissed because Antoine's claims are now moot. For the following reasons, (1) the motion to dismiss is granted,

and (2) the petition for a writ of habeas corpus is summarily dismissed with prejudice as moot.

II.     Background

A federal jury in the United States District Court for the Northern District of West Virginia convicted Antoine of conspiracy to violate federal firearms laws (18 U.S.C. §§ 371, 922(a)(6)), conspiracy to distribute cocaine base (21 U.S.C. §§ 841(b)(1)(C), 846), and unlawful possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(a)(2)).  The district court sentenced him to concurrent 120-month terms of imprisonment.

The United States Court of Appeals for the Fourth Circuit affirmed Antoine's conviction on direct appeal. *United States v. Antoine*, No. 19-4217, 2021 WL 5742663 (4th Cir. Dec. 2, 2021).  Antoine then filed a 28 U.S.C. § 2255 motion to vacate the sentence, which the district court denied. *Antoine v. USA*, No. 18-CR-17, 2023 WL 5923787 (N.D. W.Va. Jul. 5, 2023), *report and recommendation adopted sub nom. Antione v. United States*, No. 18-CR-17, 2023 WL 5573805 (N.D. W.Va. Aug. 29, 2023), *appeal dismissed sub nom. United States v. Antoine*, No. 23-6884, 2024 WL 4200046 (4th Cir. Sep. 16, 2024).

Antoine was serving his sentence at the Federal Correctional Institution in Milan, Michigan (FCI-Milan) when he filed the petition initially.  Antoine sought

immediate transfer to prerelease custody based on his FSA earned time credits. Alternatively, Antoine sought release to home confinement.

Respondent moved to dismiss the petition, asserting that Antoine had not exhausted his administrative remedies and, in the alternative, that Antoine's claims did not entitle him to habeas relief. (ECF No. 11).  Respondent has now filed a supplement to the motion to dismiss (ECF No. 13), arguing that the petition should be dismissed because BOP already transferred Antoine to prerelease custody. Attached to the supplemental motion is an exhibit from BOP's inmate locator, indicating that BOP released Antoine to a residential reentry center in Philadelphia, Pennsylvania which is under the direction of BOP's Philadelphia Residential Reentry Management (RRM) field office. (ECF No. 13-1, PageID.101-02).[1]

III.    Analysis

    A.    *Application of FSA Credits*

Eligible federal inmates, those whose convictions do not exclude them from receiving FSA benefits, may earn FSA Credits or FTCs.  An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).  An

---

[1] The inmate locator shows that BOP released Antoine to the supervision of the Philadelphia RRM and is no longer incarcerated at FCI-Milan. *See Marshek v. Eichenlaub,* 266 F. App'x 392, 392 (6th Cir. 2008) (taking judicial notice of information retrieved from BOP's inmate locator).

inmate can earn an additional 5 FTCs during those 30 days if (1) his recidivism-risk rating is minimum or low, and (2) his risk of recidivism has not increased for two consecutive BOP recidivism assessments. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening the sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to prerelease custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

Antoine's claim that BOP failed to apply his FTCs towards prerelease custody is now moot because the agency already transferred him to prerelease custody when it placed him in a residential reentry center.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. That means the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III. *See Demis v.*

4

*Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009); *see also NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (holding that federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue").

Antoine's request that BOP apply his FTCs to transfer him to prerelease custody is now mooted because BOP transferred him to prerelease custody when it placed him to a residential reentry center. *See Marshek v. Eichenlaub*, 266 F. App'x 392, 392-93 (6th Cir. 2008) (holding that when a habeas petition seeks placement at a residential reentry center the petitioner's subsequent transfer moots the petition).

Antoine also requests an order directing BOP to release him to home confinement. The prerelease custody statute does not give federal inmates an enforceable entitlement to any particular form of prerelease custody and provides merely an authorization, rather than a mandate, for nonprison confinement at the end of a federal sentence. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992).

Congress defines prerelease custody as home confinement or placement in a residential reentry center. 18 U.S.C. § 3624(g)(2). "Although Congress has authorized the BOP to utilize either or both of these types of pre-release custody, it does not prescribe when one should be used rather than the other, nor does it mandate the use of home confinement. Instead, this is left to the discretion of the Bureau of

5

Prisons, and there is no statutory requirement that any inmate be designated to home confinement for any portion of his sentence." *Frierson v. Rardin*, No. 24-12456, 2025 U.S. Dist. LEXIS 20994, at *14 (E.D. Mich. Feb. 5, 2025) (quotation omitted).

This Court lacks the authority to order Antoine's release to home confinement pursuant to the FSA. Under 18 U.S.C. § 3621(b), the Bureau of Prisons – not the judiciary – "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). BOP's "designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b). And Antoine "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to . . . home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016); *see also Kaiser v. Hollingsworth*, No. 16-1288, 2016 WL 6246308, at *4 (D.N.J. Oct. 25, 2016) ("Petitioner has no liberty interest in being placed in home confinement as opposed to being placed in an RRC.").

The FSA did not alter BOP's statutory authority to determine when, or if, a prisoner should be released to a residential reentry center or to home confinement. *See United States v. Curry*, No. 06-082, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have

6

the authority to grant the requested relief.") (emphasis original). So the Court cannot direct BOP to release Antoine to home confinement.

Because Antoine received all the credit to which he is entitled under the FSA the case is now moot. *See Sinkfield v. Paul*, No. 22-034, 2022 U.S. Dist. LEXIS 122280, at *9 (E.D. Ky. Jul. 11, 2022) (deeming habeas petition moot once the petitioner already "received the sentence credits that he sought in his § 2241 petition").

    B.    *Certificate of Appealability*

A certificate of appealability is not necessary to appeal the denial of a section 2241 habeas petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). So Antoine need not apply for one, either here or in the Sixth Circuit, before filing an appeal. Leave to proceed *in forma pauperis* on appeal is likewise unwarranted because any appeal would be frivolous. *See* Fed. R. Civ. P. 24(a). Accordingly,

IT IS ORDERED that Respondent's motion to dismiss the petition for a writ of habeas corpus (ECF No. 11) is granted.

IT IS FURTHER ORDERED that the petition (ECF No. 1) is summarily dismissed with prejudice as moot.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated: March 31, 2025	s/ Robert J. White
	Robert J. White
	United States District Judge